UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| NEIL KAPLAN | * | CIVIL ACTION |
| VERSUS | * | NO. 06-8693 |
| LOUISIANA CITIZENS FAIR PLAN, ET AL. | * | SECTION "L"(1) |

### ORDER & REASONS

Before the Court is the Plaintiff's Motion to Remand (Rec. Doc. 7). For the following reasons, the Plaintiff's Motion to Remand is DENIED.

**I.    BACKGROUND**

This case arises from a dispute regarding insurance coverage for the Plaintiff's home located at 3134-36 Maureqas Street in New Orleans, Louisiana, which suffered damage as a result of Hurricanes Katrina and Rita. The Defendants in this case are Louisiana Citizens Fair Plan ("Citizens"), the Plaintiff's fire and casualty insurance carrier, and Fidelity National Property and Casualty Insurance Company ("Fidelity"), the Plaintiffs' flood insurance carrier. The Plaintiff's flood insurance policy was issued pursuant to the National Flood Insurance Program.[1]

In August of 2006, the Plaintiff filed the present action in the Civil District Court for the Parish of Orleans, State of Louisiana. The Plaintiff alleges that Citizens and Fidelity have failed to engage in adequate loss adjustment of his insurance claims, and he is entitled to payment for damages and losses to the property, in addition to attorney's fees, costs, and bad faith penalties

---

[1] Congress created this Program with the passage of the National Flood Insurance Act of 1968, Pub. L. No. 90-448, §§ 1301-1377, 82 Stat. 476, 572-89 (codified at 42 U.S.C. §§ 4001-4129).

under Louisiana law.

Fidelity removed this case to federal court on October 19, 2006, contending that this Court has jurisdiction under any of the following provisions: (1) federal question jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 4072; (2) commerce clause jurisdiction under 28 U.S.C. § 1337; or (3) the Federal Officer Removal Statute, 28 U.S.C. § 1442.  On November 20, 2006, the Plaintiffs filed the instant motion to remand.

## II.    LAW & ANALYSIS

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper.  *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).  As a general matter, the removal statute is to be construed narrowly and in favor of remand to state court.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941).  Indeed, "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).  Accordingly, all disputed questions of fact must be resolved in favor of the non-moving party.  *See Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

The National Flood Insurance Act grants federal courts original exclusive jurisdiction over lawsuits against the Director of FEMA for denials of claims made by insured individuals under their Standard Flood Insurance Policy ("SFIP").  *See* 42 U.S.C. § 4072.  Section 4072 has been held to also apply to suits against private insurers who issue SFIPs under the Write Your Own Program.  *See Wright v. Allstate Ins. Co.*, 415 F.3d 384, 389 (5th Cir. 2005); *Landry v.*

*State Farm Fire & Cas. Co.*, 428 F. Supp. 2d 531, 532-36 (E.D. La. 2006).[2]

Courts in the Eastern District have consistently found that federal question jurisdiction exists when the plaintiff's claim relates to the handling of an SFIP.  *See, e.g., Newman v. Allstate Ins. Co.*, No. 06-3757, 2006 WL 2632116 (E.D. La. Sept. 12, 2006); *Breakthrough Realty Unlimited, LLC v. Minor*, No. 06-2420, 2006 WL 2224753 (E.D. La. Aug. 2, 2006).  But federal question jurisdiction does not exist when the plaintiff's claim relates only to the procurement of such a policy.  *See, e.g., Landry*, 428 F. Supp. 2d at 532-36; *Richmond v. Chubb Group of Ins. Cos.*, No. 06-3973, 2006 WL 2710566, at *3-5 (E.D. La. Sept. 20, 2006).  The Court finds that the Plaintiff in this case has asserted claims related to the handling of an SFIP, such as allegations that Fidelity "failed to engage in adequate loss adjustment of Plaintiff's claim" and "failed to pay Plaintiff's timely filed claims withing the sixty (60) days required by La. R.S. 22:1220" (Pl. Compl. ¶¶ VII & VIII).  Thus, federal question jurisdiction exists in this case.  *Newman*, 2006 WL 2632116, at *2.[3]

### III.  CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Plaintiffs' Motion to Remand is DENIED.

New Orleans, Louisiana, this   15th   day of   March  , 2007.

UNITED STATES DISTRICT JUDGE

---

[2]  For a detailed discussion of the National Flood Insurance Act and SFIPs, see *Houck v. State Farm Fire & Casualty Co.*, 194 F. Supp. 2d 452, 454-55 (D.S.C. 2002).

[3]  Accordingly, the Court need not address Fidelity's alternative theories of federal jurisdiction.